# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ANDREW WELKER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-116-RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the court on the motion of Christopher Andrew Welker to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

On June 24, 2004, movant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On October 7, 2004, this court sentenced movant to a prison term of 180 months. Movant appealed, and on May 16, 2005, the United States Court of Appeals for the Eighth Circuit affirmed the judgment; the mandate issued on June 9, 2005. Movant did not file a petition for writ of certiorari with the United States Supreme Court.

Movant placed the instant § 2255 motion in the prison mailing system on August 14, 2014. He alleges that he was incorrectly sentenced as a career offender. Movant bases his argument on the recent Supreme Court case *Descamps v. United States*, 133 S.Ct. 2276 (2013), in which the Court held that district courts may not

apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements.

The court's records show that movant previously brought a motion for relief under 28 U.S.C. § 2255, which was denied on the merits on January 9, 2009. *See Welker v. United States*, No. 1:06-CV-48-RWS (E.D.Mo).[1] On appeal, the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability and dismissed the case. Movant brought a second § 2255 motion on September 1, 2013, which was dismissed as successive, because movant had not first obtained certification from the United States Court of Appeals for the Eighth Circuit. *See Welker v. United States*, 1:13-CV-129-RWS (E.D. Mo.). Movant did not appeal the dismissal.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain

---

[1] Although unpublished, opinions by the United States Court of Appeals for the Eighth Circuit and other district courts in this circuit have uniformly held that a habeas corpus action dismissed as untimely is a decision on the merits. *See, e.g., Diaz-Diaz v. U.S.*, 297 Fed. Appx. 574, 575 (8th Cir. Oct. 29, 2008); *Young v. Norman*, No. 4:10-CV-2186-DDN, 2010 WL 5184886, at *1 (E.D. Mo. Dec. 15, 2010); *Hazelett v. U.S.*, No. 4:10-CV-2214-JCH, 2010 WL 5184888, at *1 (E.D. Mo. Dec. 15, 2010). Similarly, several other courts of appeals have held that a dismissal on statute of limitations grounds constitutes a decision on the merits. *See, e.g., McNabb v. Yates*, 576 F.3d 1029, 1030 (9th Cir. 2009); *Villanueva v. U.S.*, 346 F.3d 55, 61 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the United States Court of Appeals for the Eighth Circuit to maintain the instant § 2255 motion in this court, the court lacks authority to grant movant the relief he seeks. Rather than dismiss this action, the court will deny movant relief, without prejudice, and transfer the motion to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).

Therefore,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this court. *See* 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

Dated this 8th day of September, 2014.

_____
**UNITED STATES DISTRICT JUDGE**